THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AGUSTINA REYES, MARÍA PÉREZ and ROSA MERCADO, Defendants and Appellants.

No. 7786. Argued November 7, 1939.—Decided January 9, 1940.

*Justo A. Casáblanca* for appellants. *R. A. Gómez, Prosecuting Attorney*, and *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The District Court of San Juan found Agustina Reyes, María Pérez and Rosa Mercado guilty of a crime of aggravated assault and battery and sentenced them to pay a fine of $50 or to spend a day in jail for each dollar that they did not pay, limiting the stay in jail to thirty days.

The attorney for the accused did not file a brief to uphold their appeal and the prosecuting attorney at the hearing agreed that the judgment should be reversed because he was of the opinion that the facts alleged against the accused constituted the crime of murder or at least voluntary man-

slaughter (felony) and that under these facts they could not be accused and convicted of a crime of aggravated assault and battery.

From the record it appears that the three appellants together with Mateo Reyes Walker were accused in the District Court of San Juan of a crime of murder in the first degree; that after the information had been brought, the complaint in this case was filed in the Municipal Court of Carolina against the three appellants, but before the trial was had in regard to said complaint, the accused, Mateo Reyes Walker, pleaded guilty in the District Court of San Juan to a crime of voluntary manslaughter, the district attorney having accepted and the court approving the reduction of the degree of the crime from murder in the first degree to voluntary manslaughter. Said accused was then sentenced to four and a half years in prison and once the sentence had been imposed, the district attorney requested the lower court to dismiss the information for murder filed against the three appellants, for the only reason that according to him, the ends of justice would not be benefited by the prosecution of these accused once a judgment had been rendered against Mateo Reyes Walker. The court agreed to the petition of the district attorney and later the trial for aggravated assault and battery was held in the Municipal Court of Carolina, where the three appellants were convicted and sentenced. They appealed to the District Court of San Juan where they made the following allegation:

"We understand that this complaint does not lie because as we alleged in the Municipal Court of Carolina, it cannot be conceived that in a crime for murder in the first degree, wherein the death of the person has been punished, a complaint for assault and battery may lie."

The lower court, under the opinion that in regard to these accused there had been no jeopardy, denied the motion of the defense and heard the case, rendering later the judgment to which we have referred in the beginning of this opinion.

■ There is no doubt whatsoever that the facts alleged against all the accused, the appellants as well as Mateo Reyes Walker, constitute a crime of murder in the first degree. As the prosecution for murder in regard to these appellants was dismissed before the trial was held, they could have been accused again, even after the dismissal, of a crime of murder as Mateo Reyes Walker had been, and they could not have alleged successfully the defense of jeopardy. To this effect Miller in his work on Criminal Law, page 535, Section 186, says:

"It is generally agreed that discharge of a prisoner by a committing magistrate, or refusal of a grand jury to indict him, does not prevent a subsequent prosecution, as there is no jeopardy. In most jurisdictions it is the rule that jeopardy begins only when the defendant pleads to the indictment and has been put upon his trial and this occurs when the jury has been fully impaneled and sworn, or if the trial be by the court without a jury, then after the trial has been entered upon. At any time before this, the prosecution may be discontinued without prejudice to a new indictment and a prosecution thereon. As soon, however, as the jury has been sworn, jeopardy begins; and if, after that, the indictment is quashed, or a nolle prosequi entered the defendant is entitled to his discharge."

But appellants, as we have seen, were not accused of murder but of a crime of aggravated assault and battery in the Municipal Court of Carolina.

■■ In every murder or manslaughter in which death is caused by blows or wounds, the commission of the crime is initiated by an assault and battery, that is, the assault and battery is an element of the crime and the fact that the crime of assault and battery may be merged in the felony, does not mean that the defendant may not be tried for the minor crime, or that is, assault and battery, in which case they could not successfully allege that the crime committed by them is a more serious one than that of which they have been accused.

Under the old common law of England the distinction between felony and misdemeanor did not consist merely in

the degree of the crime and in the punishment imposed in either case but in certain differences of procedure which the judges were very zealous in having carried out. In a prosecution for a misdemeanor, the defendant had a right to be represented by an attorney at the trial and to be served with a copy of the information and to be tried by a special jury, which privileges were not granted to a person accused of a felony. I Bishop's New Criminal Law, 12th ed., page 486, Sec. 804.

As a consequence of these privileges, under an information for a felony, the accused could not plead guilty to a misdemeanor, since in such a case it would amount to punishing a person for a misdemeanor without granting him his aforesaid privileges. When a defendant was tried for a felony and the judge reached the conclusion that the crime committed had been a misdemeanor, then the procedure was to acquit the accused of the felony and file new proceedings against him for the misdemeanor, thereby acknowledging all the privileges granted by law.

The aforesaid difference was not a bar even under the old law in England to accuse first for a misdemeanor when the crime of the accused might be classified as a misdemeanor or a felony indistinctly, since, on the contrary to what would have happened, had he been accused of a felony, in trying him for a misdemeanor all the rights and privileges inherent in a misdemeanor were recognized and in this case he could not allege that the crime committed by him was more serious than that for which he was being tried. It was then said as a basis for this rule that the king could prosecute an offender as he thought convenient, either for the misdemeanor or for the felony. Work cited, Vol. 1, page 476, Sec. 788. To this same effect in 1 Wharton's Criminal Law, 12th ed. (1932) page 55, Sec. 39, it is said:

"The consequence is that a defendant charged with an assault is no longer, as a rule, held to be entitled to an acquittal because the assault is part of a felony. . ."

There is nothing in our penal system which may be a bar to try and sentence a person for a misdemeanor which is merged in the felony committed. Nevertheless, this does not imply that we sanction the practice followed by the district attorney of the lower court. If the facts set forth in the information originally presented against Walker and the appellants in the district court are true, those facts indicate such a degree of cruelty and perversion that they require a sentence which far from stimulating the commission of these truly savage acts will prevent their repetition in the future.

We cannot understand how the sentence of four and a half years in prison imposed on Mateo Walker for a crime of a degree lower than that of which he was accused, could justify the dismissal of the information against the appellants who with him helped actively and cruelly in the brutal acts which led to the death of the wife of the accused, Mateo Walker. If the crime committed by the defendants was murder in the first degree, they should have been charged with murder in the first degree and the jury should have determined on the merits of the evidence, the responsibility of each of the co-participants in the crime.

For the foregoing reasons the judgment appealed from should be affirmed.

Mr. Justice Wolf dissented.